IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**KEVIN BYRD,**

            Plaintiff,

    v.                                  **Civil Action No.: 5:23-CV-273**
                                                Judge Bailey

**CORRECTIONAL OFFICER BRILL,**

            Defendant.

## REPORT AND RECOMMENDATION

### I. Background

Plaintiff initiated this action on August 7, 2023, by filing a Complaint under 42 U.S.C. § 1983. At the time the allegations in this case occurred, plaintiff was incarcerated at North Central Regional Jail and Correctional Facility ("NCRJ") in Greenwood, West Virginia. On January 10, 2024, defendant filed Defendant Correctional Officer Brill's Motion to Dismiss, [Doc. 7], along with a memorandum in support. Defendant filed an amended memorandum on February 2, 2024. [Doc. 10]. On February 16, 2024, plaintiff filed a response. [Doc. 11]. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned recommends that the Motion to dismiss be denied.

## II. The Complaint

According to the Complaint, at the time of the allegations in this case, plaintiff was a prisoner at NCRJ and defendant Brill was a correctional officer at the facility. Plaintiff alleges that defendant Brill used excessive force against him. Specifically, plaintiff alleges that during March of 2022, plaintiff and defendant were in an argument when defendant Brill slammed a cell doorway on plaintiff's hand, causing serious pain and injury. Plaintiff alleges that he did not pose a threat to the defendant, himself, or state property, and that defendant slammed the door with the specific purpose of injuring plaintiff. Plaintiff brings two claims against defendant. First, a claim for violating plaintiff's Eighth or Fourteenth Amendment rights, pursuant to 42 U.S.C. § 1983. Second, plaintiff brings a tort claim for outrageous conduct.

## III. Motion to Dismiss

On January 10, 2024, defendant filed a Motion to Dismiss. In his amended Memorandum in Support, defendant argues that he is entitled to qualified immunity as his alleged conduct did not violate a clearly established law. [Doc. 10 at 3–4]. Brill argues that plaintiff has not alleged any facts "that would remove the shield of qualified immunity." [Id. at 4]. First, he alleges that the superintendent of the facility reviewed video footage of the incident and determined that the allegations were fraudulent. [Id.]. Second, that the superintendent determined that allegations regarding pejorative language Brill used regarding plaintiff's sexual orientation could not be substantiated. [Id.]. Third, defendant asserts that plaintiff has failed to establish that Brill knowingly violated a constitutional right or clearly established law. [Id.].

## IV. Standard of Review

**A.** **Section 1983 Claims**

The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

***Wyatt v. Cole***, 504 U.S. 158, 161 (1992) (citing ***Carey v. Piphus***, 435 U.S. 247, 254–257 (1978)). In ***Gomez v. Toledo***, 446 U.S. 635 (1980), the Supreme Court succinctly stated what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

***Gomez***, 446 U.S. at 640.

**B.** **Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." ***Republican Party of N.C. v. Martin***, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. ***Mylan Labs, Inc. v. Matkari***, 7 F.3d 1130, 1134 (4th

Cir. 1993); *see also* **Martin**, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 555 (2007) (quoting **Conley v. Gibson**, 355 U.S. 41, 47 (1957)). In **Twombly**, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." **Conley**, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. (citations omitted), to one that is "plausible on its face," [*Id*. at 570], rather than merely "conceivable." *Id*. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." **Bass v. E.I. DuPont de Nemours & Co.**, 324 F.3d 761, 765 (4th Cir. 2003) (citing **Dickson v. Microsoft Corp.**, 309 F.3d 193, 213 (4th Cir. 2002); **Iodice v. United States**, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in **Ashcroft v. Iqbal**, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." **Ashcroft v. Iqbal**, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. *Id*.

## V. Analysis

Qualified immunity protects government officials from money damages unless it can be shown "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." **Ashcroft v. al-Kidd**, 563 U.S. 731, 735 (2011) (quoting **Harlow v. Fitzgerald**, 457 U.S. 800, 818 (1982)). To determine whether qualified immunity applies, courts must, "as a threshold matter, determine whether a constitutional or statutory right was deprived" and "[i]f there was no deprivation of such a right, then a defendant is entitled to qualified immunity and the Court need not inquire further." **Minor v. Yanero**, 2008 WL 822102, at *3 (N.D. W.Va. Mar. 26, 2008) (Stamp, J.). "[I]f the constitutional right was sufficiently clear such that an objectively reasonable officer in a defendant's position would have understood his conduct to have violated the right, qualified immunity does not apply. **Porterfield v. Lott**, 156 F.3d 563, 567 (4th Cir. 1998); **Pearson v. Callahan**, 555 U.S. 223, 236 (2009)." **Holley v. Foxx**, No. 17-CV-3140, 2021 WL 3666463, at *11 (D. Md. Aug. 18, 2021).

Analysis of a claim for use of excessive force begins with "identification of the specific constitutional right allegedly infringed by the challenged application of force." **Graham v. Connor**, 490 U.S. 386, 394 (1989). In the context of a claim by a prisoner that he was subjected to excessive force by prison employees, the source of the ban against such force is the Eighth Amendment's ban on cruel and unusual punishments. The validity of a prisoner's claim must be "judged by reference to th[is] constitutional standard…rather than to some generalized 'excessive force' standard." **Graham**, 490 U.S. at 394; see e.g., **Whitley v. Albers**, 475 U.S. 312, 318-326 (1986) (claims of

excessive force to subdue convicted prisoner is to be analyzed under an Eighth Amendment standard).

A prison official violates the Eighth Amendment when two requirements are met: (1) the alleged punishment or act is sufficiently serious that it violates contemporary standards of decency; and (2) the prison official must have a sufficiently culpable state of mind. **Farmer v. Brennan**, 511 U.S. 825, 834 (1994); **Rhodes v. Chapman**, 452 U.S. 337, 347 (1981). The inmate must prove the correction officer's actions were "'objectively harmful enough' to offend 'contemporary standards of decency.'" **Stanley v. Hejirika**, 134 F.3d. 629, 634 (4th Cir. 1998) (quoting **Hudson**, 503 (U.S. at 8). In assessing this component, the court must ask whether "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." **Id**. (quoting **Wilson v. Seiter**, 501 US 294, 298 (1991)). When prison officials use force to cause harm maliciously and sadistically, "contemporary standards of decency always are violated … This is true whether or not significant injury is evident." **Hudson**, 503 U.S. at 9. However, "'[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.'" **Id**. (quoting **Johnson v. Glick**, 481 F.2d 1028, 1033 (2d Cir. 1973).

The subjective component of the claim requires an inmate to demonstrate that the force used by an institutional official, "inflicted unnecessary and wanton pain and suffering." **Hudson v. McMillian**, 503 U.S. 1, 7 (1992). The question of whether the measure taken inflicted unnecessary and wanton pain and suffering turns on "whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." **Id**. (citing **Whitley v. Albers**, 475 U.S. 312, 320-21

(1986)). In determining whether a prison official acted maliciously and sadistically, the court should consider the following: "the need for application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts to temper the severity of a forceful response." **Hudson**, 503 US at 7 (internal quotation marks omitted).

Here, defendant's Motion to Dismiss is based entirely on his assertion that he is entitled to qualified immunity. In support of his argument, he states that the superintendent reviewed video of the incident and determined that plaintiff's claims regarding Brill closing the door on his hand and that Brill made pejorative comments about plaintiff's sexuality, were either fraudulent or not supported by the evidence. [Doc. 10 at 4]; *see also* [Docs. 7-2, 7-3]. However, when considering a motion brought under Rule 12(b)(6), plaintiff's well-pleaded allegations are taken as true. Taking plaintiff's allegations as true, the undersigned finds that plaintiff has plausibly alleged that Brill violated a clearly established constitutional right.

Plaintiff's right under the Eighth Amendment to be free from cruel and unusual punishment was clearly established at the time the allegations occurred, and the facts as alleged meet the requirements for excessive force. *See, e.g.* **Anderson v. Gilpin**, No. CV PWG-15-3967, 2017 WL 772258, at *4 (D. Md. Feb. 28, 2017) ("This clear right reasonably put the officers on notice that they could not slam Anderson's hand in the food slot unnecessarily."); **Shiheed v. Gursky**, No. CIV.A. GLR-12-2974, 2015 WL 3752528, at *5 (D. Md. June 15, 2015) (denying motion to dismiss where "the Correctional Officers allegedly slammed the feed-up slot door into Shiheed's wrist and arm. The sharp metal edge of the feed-up slot door cut Shiheed's arm, causing Shiheed to bleed heavily.").

7

Defendant does not put forth any meaningful argument that the facts, as alleged, do not amount to a violation of plaintiff's Eighth Amendment right or that the right was clearly established. Insofar as defendant contends that plaintiff's allegations are false or cannot be supported with evidence, such argument is outside the scope of a 12(b)(6) motion.

## VI. Recommendation

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendant Correctional Officer Brill's Motion to Dismiss [**Doc. 7**] be **DENIED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is further **DIRECTED** to provide copies of this Report and Recommendation to all counsel of record herein.

**DATED**: March 4, 2024

/s/ *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE